UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARLOS TORRES, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   2:13-cv-00292-DBH |
| | )   2:06-cr-00071-DBH-1 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Carlos Torres, convicted following an August 2007 guilty plea to possession with the intent to distribute cocaine base, has filed a new motion to vacate. Torres has been before the court on at least two prior occasions seeking post-conviction relief. On December 19, 2007, Torres filed a motion to reduce his sentence regarding crack cocaine amendments. (ECF No. 47.) The court denied that motion. On July 20, 2009, Torres filed his first motion under § 2255. The court denied that motion in March 2010 and Torres never appealed. Torres v. United States of America, 2:09-cv-00317-DBH. Torres has now filed a second motion under § 2255, alleging that his defense counsel on the federal criminal charges failed to adequately investigate the prior state convictions that formed the basis of certain sentencing enhancements in the case. Torres suggests that this claim did not become "ripe" until he received copies of some state court transcripts in May 2010 and, thus, these claims could not have been raised in his first § 2255 petition. The "claim" that Torres asserts became "ripe" in 2010 is a claim of ineffective assistance of federal counsel in failing to raise a Shepard v. United States, 544 U.S. 13 (2005), type objection to the prior convictions used to enhance his federal sentence.

## The First Section 2255 Motion

In his original § 2255 motion Torres insisted that he was not a career offender because the court improperly used an offense he committed when he was seventeen years old; that he was entitled to a reduction of his sentence below the career offender minimum because of the disparity between crack and powder cocaine offenses; that the firearm and burglary offenses used in his sentencing calculation were not crimes of violence; that he is factually, actually innocent of his offense of conviction because no law enforcement officer or drug official submitted a police report stating that Torres made the June 9, 2004, sale; that his conviction is unconstitutional because the prosecution did not disclose transcripts of calls or inform the defense that they listened to a tape of the calls that would have proven Torres's actual innocence; and that his attorney was constitutionally deficient because Torres had asked for an evidentiary hearing but his attorney did not abide by this request and instead coerced him into pleading guilty to the June 9, 2004, sale, on the grounds that, if he did not, the mother of his children would receive a five-year sentence and their six children would be placed in foster care. That initial § 2255 motion was unsuccessful and Torres never appealed. (Torres v. United States, 1:09-cv-00317-DBH: Order Adopting Rec. Dec., ECF No. 21; Report and Recommended Decision, ECF No. 16.) In addition to this activity, Torres earlier prosecuted an equally unsuccessful direct appeal in which he challenged his career-offender status and sought a reduction of his sentence based on the amendments to the crack cocaine sentencing guidelines. See United States v. Torres, 541 F.3d 48 (1st Cir. 2008).

## The Second Section 2255 Motion

Torres's current motion begins with an explication that his motion, although filed second in time, should not be treated as a "second or successive" motion under 28 U.S.C. § 2255(h) and

thus subject to court of appeals certification under 28 U.S.C. § 2244. The basic proposition that this court sometimes needs to define "second or successive" in the context of a given petition is unassailable and the First Circuit Court of Appeals has cautioned that a numerically second petition is not always "second" or "successive," most commonly if it attacks a different criminal judgment or if the "first" petition was terminated prior to a judgment on the merits. United States v. Barrett, 178 F.3d 34, 43 (1st Cir. 1999). Torres notes that the United States Supreme Court has itself held that the phrase "second or successive" does not necessarily refer to all habeas petitions filed second in time. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007).[1] While Panetti may be "instructive" when interpreting whether a petition is a "successive" petition, see Stewart v. United States, 646 F.3d 856, 859 n.6 (11th Cir. 2011), it certainly does not control the outcome in this case. Instead I must look to the specific allegations Torres makes in his second-in-time petition in order to determine if this petition is second or successive. The AEDPA dramatically limits successive attempts under § 2255. If it truly is a second or successive petition it must be certified by a panel of the court of appeals under § 2244 to contain newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense or there must be a new rule of constitutional law retroactively made applicable by the Supreme Court to the issue in petitioner's motion. This court does not have jurisdiction to make the determinations authorized under § 2244. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping

---

[1] Torres's reliance upon Panetti is somewhat misplaced. Panetti involved a petition for habeas relief under 28 U.S.C. § 2254 in a capital case, petitioner claiming he was presently incompetent to be executed. The precise issue involved whether an unripe incompetency claim was forever excluded from federal review after the petitioner's prior, fully exhausted claims had been previously reviewed under § 2254. The Court noted that the principles of comity, finality, and federalism which undergird the AEDPA, most especially 28 U.S.C. § 2254, would not be put in jeopardy by consideration of a claim that was "unripe" at the time of the first petition. 551 U.S. at 945-46. Obviously two of those principles, comity and federalism, are not implicated in the context of review of a federal criminal conviction.

the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

Torres's second petition apparently hinges upon his assertion that he did not receive a copy of state court plea transcripts until May 2010, by which time his first § 2255 petition was already denied. (Motion at 5, ECF No. 63.) He says he never knew the state court plea transcripts existed until his court appointed attorney in the New Jersey post-conviction review proceeding obtained a copy of them. According to petitioner, once he got the transcripts he learned that his understanding of the controlled substance offense involving a violation within 1,000 feet of a school was a possession charge, not a distribution offense. It was his further understanding that the possession of an assault firearm should have counted as one conviction due to the fact that this offense occurred on the same date and place as the first count of the indictment. (Torres Sworn Declaration, ECF. No. 63 at 8).[2] The gravamen of his current petition is that his federal sentencing counsel was ineffective for failing to obtain these state court transcripts prior to sentencing and mounting a <u>Shephard</u>-type challenge to the career offender enhancement based upon them.

All of the predicate facts underlying this claim of ineffective assistance of sentencing counsel existed at the time Torres filed his first § 2255 and, thus, contrary to his conclusory statements and his citations to inapposite precedents, this claim was "ripe" at the time he first filed a habeas petition. Torres's problem, as he has posited it, is that the evidence of this claim is newly discovered by him. Whether it is the type of newly discovered evidence that would justify leave to file a second or successive petition is simply a question that is not within this court's

---

[2] Significantly, Torres does not allege in his sworn declaration or in the body of his memorandum that his state court convictions have ever been vacated. Thus Torres is not claiming that a new one year statute of limitation is applicable in his case. <u>Johnson v. United States</u>, 544 U.S. 295, 302 (2005). He offers no explanation for the three year delay between the May 2010 receipt of the state court transcripts and the August 2, 2013, submission of this motion.

jurisdiction to determine in first instance.  I note however that I have read the five-page transcript excerpt filed by Torres (ECF No. 63-1).   If this court did have jurisdiction to consider the merits of Torres's newly discovered evidence argument, I see nothing in the transcript that would support the contention that federal sentencing counsel rendered ineffective assistance by not challenging the two prior convictions based upon the information produced during the state court Rule 11 proceedings.

## CONCLUSION

For the reasons above I recommend that the court summarily dismiss this 28 U.S.C. § 2255 motion, and I recommend that the court deny a certificate of appealability because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


August 26, 2013

/s/Margaret J. Kravchuk
U.S. Magistrate Judge