UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARLOS TORRES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:06-cr-00071-DBH<br>2:16-cv-00335-DBH |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Carlos Torres has filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence, based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Motion, ECF No. 70.)[1] Petitioner also sought leave in the First Circuit to file a second or successive section 2255 motion, as contemplated by 28 U.S.C. § 2244, which in part governs the filing of second or successive petitions in accordance with section 2255. *See* 28 U.S.C. § 2255(h). This Court ordered all action on the matter deferred until after the First Circuit ruled on Petitioner's application for leave to proceed. (Order, ECF No. 77 at 1.)

The First Circuit has since denied Petitioner's application on the basis of *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), "through which the Court held 'that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due

---

[1] Petitioner also filed a pro se form motion asserting the same claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Motion, ECF No. 73.) ECF Nos. 70 and 73 are addressed together for purposes of this recommended decision.

Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.'" (*Torres v. United States*, No. 16-1813 (1st Cir. Aug. 2, 2017) (quoting *Beckles*, 137 S. Ct. at 895).) The First Circuit denied the application noting that "Petitioner's response to [the First Circuit's] 'show cause' order acknowledges the holding of *Beckles* and identifies no reason why petitioner's *Johnson* claim(s) might be viable after *Beckles*." (*Id.*)

The First Circuit has "interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). Because the First Circuit denied Petitioner's application for a second or successive section 2255 motion, this Court lacks jurisdiction to consider the motion. Accordingly, the dismissal of Petitioner's motion is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the court dismiss the motion. (ECF Nos. 70, 73.) I further recommend that the court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of August, 2017.